# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK MILLER, | |
| Petitioner, | Civ. Action No. 21-282 (JXN) |
| v. | |
| | **MEMORANDUM OPINION** |
| BRUCE DAVIS, | |
| Respondent. | |

**NEALS**, District Judge:

Petitioner Derrick Miller ("Petitioner") is a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey. Petitioner is proceeding *pro se* with his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Currently pending before the Court is Petitioner's motion to amend the petition for writ of habeas corpus. (ECF No. 24.) For the reasons stated below, the Court will grant Petitioner's motion to amend.

The Court has reviewed the relevant records and parties' submissions. As explained more fully below, the Court finds that the amended petition contains both exhausted and unexhausted claims. Because the Court may not adjudicate such a petition, the Court will permit Petitioner to choose between (i) withdrawing his unexhausted claims and having the Court rule on his remaining claims; or (ii) requesting a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust his unexhausted claims.

## I. BACKGROUND

Petitioner was convicted in state court of multiple counts of murder, assault, unlawful possession of a weapon, among other counts. The New Jersey Superior Court, Appellate Division provided the following factual summary in its May 26, 2020 decision:

> In 2011, [Petitioner] and his co-defendant Arthur Thompson were indicted on the following eleven counts: second-degree conspiracy to commit robbery, N.J.S.A 2C:5-2 and 2C:15-1; first-degree robbery, N.J.S.A 2C:15-1; first-degree conspiracy to commit murder, N.J.S.A 2C:5-2 and 2C:11-3(a)(l), (2); first-degree murder, N.J.S.A 2C:11-3(a)(1), (2); first-degree felony murder, N.J.S.A 2C:11-3(a)(3); first-degree attempted murder, N.J.S.A 2C:5-1 and 2C:11-3; fourth-degree aggravated assault, N.J.S.A 2C:12-1(b)(4); second-degree conspiracy to commit burglary, N.J.S.A 2C:5-2 and 2C:18-2(b)(1); second-degree burglary, N.J.S.A 2C:18-2(b)(1); second-degree unlawful possession of a weapon, N.J.S.A 2C: 39-5(f); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A 2C:39-4(a). Following a jury trial, [Petitioner] was convicted on all counts.

(ECF No. 13-34, at 2.)[1] Petitioner appealed his conviction and sentence to the New Jersey Appellate Division and raised to following claims:

> POINT I
>
> THE TRIAL COURT ERRED IN NOT SUPPRESSING THE IDENTIFICATION OF [PETITIONER] BECAUSE THE STATE FAILED TO RECORD THE COMMUNICATIONS BETWEEN THE POLICE AND THE WITNESS AS REQUIRED BY *STATE V. DELGADO*.
>
> POINT II
>
> THE TRIAL COURT IMPROPERLY DENIED SUPPRESSION OF THE OUT–OF–COURT IDENTIFICATION WHICH RESULTED FROM AN UNDULY SUGGESTIVE AND

---

[1] For sake of clarity, the Court's citations to ECF No. 13-1 through 13-37 are to the page numbers listed in the ECF header.

2

UNRELIABLE SHOW[–]UP PROCEDURE AND WHICH VIOLATED THE [PETITIONER'S] [FOURTEENTH] AMENDMENT RIGHTS.

POINT III

THE TRIAL COURT ERRED IN NOT STRIKING EXPERT TESTIMONY BASED ON HYPOTHETICAL FACTS NOT ADDUCED AT TRIAL AND NOT OFFERED WITH A REASONABLE DEGREE OF CERTAINTY.

POINT IV

THE TRIAL COURT IMPROPERLY DENIED THE MOTION FOR A MISTRIAL BECAUSE THE PROSECUTOR'S SUMMATION CONTAINED FACTS UNSUPPORTED BY THE EVIDENCE WHICH PREJUDICED [PETITIONER'S] RIGHT TO A FAIR TRIAL.

POINT V

[PETITIONER'S] CONVICTION MUST BE OVERTURNED BECAUSE THE INDICTMENT CHARGED HIM WITH ACTING WITH ONE PERSON, BUT FOR THE FIRST TIME IN SUMMATION, THE PROSECUTION ARGUED THAT [PETITIONER] COMMITTED THE CRIME WITH OTHER PARTIES, GIVING [PETITIONER] NO OPPORTUNITY TO DEFEND.

POINT VI

AFTER THE JUDGE RECEIVED INFORMATION THAT EXTRANEOUS INFLUENCES MAY HAVE INTERFERED WITH THE JUR''S ABILITY TO REACH AN IMPARTIAL AND FAIR VERDICT, THE TRIAL JUDGE ERRED IN DENYING [PETITIONER'S] MOTION FOR A MISTRIAL AND ERRED IN DENYING [PETITIONER'S] MOTION, IN THE ALTERNATIVE, THAT ALL JURORS BE POLLED.

POINT VII

> THE TRIAL COURT IMPOSED AN EXCESSIVE LIFE SENTENCE WITHOUT PROPERLY WEIGHING THE AGGRAVATING AND MITIGATING FACTORS.
>
> In his *pro se* brief, [Petitioner] raise[d] the following additional points.
>
> POINT I
>
> THE TRIAL JUDGE INCORRECTLY INSTRUCTED THE JURY ON THE STATE['S] BURDEN OF PROOF ON ATTEMPTED MURDER, POINTING A FIREARM, AND BURGLARY. []
>
> POINT II
>
> THE TRIAL JUDGE ERRED IN FAIL[ING] TO CHARGE[ ] AGGRAVATED MANSLAUGHTER AS A LESSER–INCLUDED CHARGE. []
>
> POINT III
>
> THE CUMULATIVE ERRORS COMMITTED IN THE [PETITIONER'S] TRIAL VIOLATED HIS [FOURTEENTH] AMENDMENT RIGHT TO DUE PROCESS AND A FAIR AND IMPARTIAL TRIAL.

(ECF No. 13-25, at 3-5.)

The Appellate Division affirmed Petitioner's convictions on May 10, 2017. (*See id.*) Relying on the same claims raised before the Appellate Division, Petitioner filed a petition for certification to the New Jersey Supreme Court. (*See* ECF No. 13-26.) On October 17, 2017, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 13-28.)

On October 25, 2017, Petitioner filed a *pro se* petition for Post-Conviction Relief ("PCR") in which he argued "ineffective assistance of trial counsel for failure to explain to [him] [his] right

4

to testify at [] trial." (ECF No. 13-22, at 109-110.) On May 18, 2018, with the assistance of counsel, Petitioner filed an amended petition for PCR, which included the following new claims:

> POINT I
>
> PETITIONER'S ASSERTION OF STATE AND FEDERAL CONSTITUTIONAL ISSUES ARE NOT BARRED BY R. 3:22 *ET SEQ*.
>
> POINT II
>
> PETITIONER WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
>> a. Trial counsel failed to do any investigation prior to trial and as a result failed to call a favorable witness and interpose and alibi defense.
>>
>> b. Trial and appellate counsel were ineffective in not objecting to the broken chain of custody that led to the contaminated DNA evidence.
>>
>> c. Trial counsel was ineffective for coercing petitioner not to testify.
>>
>> d. The cumulative errors of trial counsel denied Petitioner a fair trial.
>
> POINT III
>
> PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF APPEALLATE COUNSEL.
>
> POINT IV
>
> PCR COUNSEL INCORPORATES BY REFERENCE ALL ISSUES RAISED BY PETITIONER IN HIS PETITION.

(*See* ECF No. 13-29.) Petitioner then filed a third amended PCR petition, in which he argued ineffective assistance of trial counsel for not filing a separate severance motion from his co-

defendant. (*See* ECF No. 13-31, at 23-24.) Following oral argument, Petitioner's third amended PCR was denied. (ECF No. 13-31.)

On appeal of his PCR denial, Petitioner raised the following two claims to the Appellate Division: 1) trial counsel failed to conduct an adequate investigation, specifically for not obtaining an alibi witness; and 2) trial counsel abridged Petitioner's constitutional right to testify. (*See* ECF Nos. 13-32, at 2 & 36-45.) On May 26, 2020, the Appellate Division affirmed the denial of Petitioner's PCR. (ECF No. 13-34.) Petitioner subsequently filed a petition for certification to the New Jersey Supreme Court in which he relied "upon his Appellate Division brief and appendix." (*See* ECF No. 13-35.) The petition for certification was denied on September 15, 2020. (*See* ECF No. 13-37.)

On January 7, 2021, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1). The Petition contains the following eleven grounds for relief:

> Ground One: The trial court erred in not suppressing the identification of [Petitioner] because the state failed to record the communications between the police and the witness as required by *State v. Delgado*.
>
> Ground Two: The trial court improperly denied suppression of the out-of-court identification which resulted from an unduly suggestive and unreliable show up procedure and which violated [Petitioner's] Fourteenth Amendment rights.
>
> Ground Three: The trial court erred in not striking expert testimony based on hypothetical facts not adduced at trial and not offered with a reasonable degree of certainty.
>
> Ground Four: The trial court improperly denied the motion for a mistrial because the prosecutor's summation contained facts unsupported by the evidence which prejudiced [Petitioner's] right to a fair trial.
>
> Ground Five: Petitioner's conviction must be overturned because the indictment charged him with acting with one person, but for the

6

> first time in summation, the prosecution argued that [Petitioner] committed the crime with other parties, giving [Petitioner] no opportunity to defend.
>
> Ground Six: After the judge received information that extraneous influences may have interfered with the jury's ability to reach an impartial and fair verdict, the trial judge erred in denying [Petitioner's] motion for a mistrial and erred in denying [Petitioner's] motion, in the alternative, that all jurors be polled.
>
> Ground Seven: Ineffective assistance of trial counsel for not requesting a severance motion for Petitioner, instead of relying on co-defendant[']s] severance motion.
>
> Ground Eight: Trial counsel failed to do any investigation prior to trial and as a result failed to call a favorable witness and interpose an alibi defense.
>
> Ground Nine: Trial and appellate counsels were ineffective in not objecting to the broken chain of custody that led to the contaminated DNA evidence.
>
> Ground Ten: Trial counsel was ineffective for coercing Petitioner not to testify.
>
> Ground Eleven: Petitioner was denied the effective assistance of appellate counsel.

(ECF No. 1.) Respondent filed a response on May 13, 2021. (ECF No. 13.) On November 22, 2021, Petitioner filed a reply. (ECF No. 22.) On November 9, 2021, Petitioner filed a motion for leave to file an amended petition, in which he includes his eleven original claims and adds the following ground:

> Ground Twelve: Trial attorney was ineffective by failing to inform Petitioner that he faced life in prison which would have affected his choice of going to trial or accepting the state's plea offer of 25 years.[2]

---

[2] Petitioner previously raised three motions for stay and abeyance requesting a stay to exhaust this twelfth ground for relief, indicating that the claim is pending in state court. (*See* ECF Nos. 6, 15, and 19.) In denying those motions, the explained that the claim was not raised in his original Petition and the Court could not granted a stay based on a claim not properly before it. The Court instructed Petitioner to seek leave to file an amended petition if he wished to raise this twelfth ground for relief. (*See* ECF Nos. 7, 17, and 20.)

(ECF No. 24-1 at 49 ("Amended Petition".))

## II. DISCUSSION

### A. Motion to Amend

The Court will grant Petitioner's motion to amend and accepts Petitioner's Amended Petition for filing.

The Federal Rules of Civil Procedure apply to motions to amend habeas corpus petitions. *See Mayle v. Felix*, 545 U.S. 644, 654-55 (2005). "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding." *See id.* at 655 (quoting Fed. R. Civ. P. 15(a)). Under Rule 15, leave to amend pleadings shall be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Based on a review of the docket and Petitioner's submissions in connection with the instant motion, it appears that Petitioner has not exhausted the remedies available in state court with respect to Ground Twelve. Petitioner alleges he filed a second PCR petition on February 18, 2020, asserting the claim. (ECF No. 19, at 17, 20.) It appears that Petitioner's second PCR petition was

8

dismissed as premature on December 16, 2020. (*See id.* at 21-22.) However, it also appears that Petitioner may not have been informed of the dismissal until June 22, 2021, after he filed the Petition here. (*See id.* at 20.) Petitioner filed his first motion for a stay shortly after filing his Petition. (ECF No. 6.) Petitioner refiled his second PCR petition on or around July 21, 2021. (*Id.* at 23.)

Having reviewed Petitioner's submissions and the applicable law, the Court does not find that Petitioner engaged in undue delay, bad faith, or dilatory motive. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Considering Petitioner's *pro se* status and the liberal policy of allowing amendments underlying Rule 15(a), the Court will grant Petitioner's motion to amend and accept his Amended Petition for filing. The Court notes, however, that Respondent did not provide a response to Petitioner's motion to amend. Therefore, the Court does not have the entire record of Petitioner's currently pending second PCR petition. As such, the Court grants the motion to amend without determining the timeliness of Petitioner's twelfth ground for relief. The Court will provide Respondent with an opportunity to respond to Petitioner's twelfth ground for federal habeas relief at a future date.

**B. The Amended Petition is a Mixed Petition**

Having considered the submission in connection with Petitioner's motion to amend, the Court finds that the Amended Petition contains both exhausted and unexhausted claims.[3] *See Rhines*, 544 U.S. at 269.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the

---

[3] The Court acknowledges that Petitioner's newly added twelfth claim in his Amended Petition is unexhausted and Petitioner has previously requested a stay based on that claim. However, because it appears that several other claims contained in his Amended Petition are unexhausted, the Court reserves discussion of whether a stay would be appropriate based on Petitioner's twelfth claim at this time.

9

remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts: the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. 838; *Rose v. Lundy*, 455 U.S. 509 (1982).

Here, it appears that Petitioner has never presented the following claims to any state court: (a) Ground Seven – ineffective assistance of trial counsel for not requesting a severance motion for Petitioner, instead of relying on co-defendant's severance motion; (b) Ground Nine – trial and appellate counsels were ineffective in not objecting to the broken chain of custody that led to the contaminated DNA evidence; and (c) Ground Eleven – Petitioner was denied the effective assistance of appellate counsel.[4]  On PCR appeal before the Appellate Division, Petitioner argued

---

[4] The Court has reviewed Petitioner's PCR petition and it appears ground eleven is reasserting a portion of ground nine, arguing again that direct appeal counsel was ineffective for not objecting to the DNA chain of custody. (ECF

only: 1) trial counsel failed to conduct an adequate investigation, specifically for not obtaining an alibi witness; and 2) trial counsel abridged Petitioner's constitutional right to testify. (*See* ECF No. 13-32, at 2, 36-45.) Thus, these claims have not been exhausted in state court.

In response to Respondent's affirmative defenses, Petitioner did not deny that these claims were not exhausted. (ECF No. 22, at 37.) Rather, Petitioner argues that his failure to exhaust these claims should be excused based on PCR appeal counsel's failure to raise them before the Appellate Division and the New Jersey Supreme Court. (*Id.*) Petitioner relies on *Martinez v. Ryan*, which held that "[i]nadequate assistance of counsel as initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9 (2012). *Martinez* may only apply when initial-review collateral counsel fails to raise a claim of trial counsel's ineffectiveness. *Id.* Here, the *Martinez* exception does not apply because initial-review collateral counsel raised the currently unexhausted claims. Moreover, the exception does not apply to ineffectiveness of counsel on appeal to the Appellate Division. *Id.* Additionally, *Martinez* applies to procedurally defaulted claims, but the Court can make no such finding because it cannot determine that Petitioner would be prohibited from returning to state court to exhaust the claims. *See Collins v. Secretary of Pennsylvania Dept. of Corrections*, 742 F.3d 528, 542 (3d Cir. 2014) ("A claim is procedurally defaulted if the petitioner failed to exhaust that claim in state court and if state procedures prohibit the petitioner from later presenting the claim in state court.")

The Amended Petition is therefore mixed (*i.e.*, it contains both exhausted and unexhausted claims), and federal district courts may not adjudicate mixed petitions. *See Rhines*, 544 U.S. at 273. Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner

---

No. 13-29 at 41.)

to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. "[I]f a stay is not warranted, then the petitioner may elect to delete the unexhausted claims." *Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *3 (D.N.J. Dec. 19, 2011). "[I]f he does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2)." *Id.* (internal citations omitted).

Petitioner's claims seven, nine, and eleven are unexhausted and this is a mixed petition. Therefore, Petitioner shall be given forty-five (45) days from the date of this Memorandum Opinion to inform the Court whether he wishes to withdraw his unexhausted claims seven, nine, and eleven or to request a stay pursuant to *Rhines* and return to state court to litigate these claims.[5] Should Petitioner fail to respond to this Memorandum Opinion, the Court may dismiss Petitioner's Amended Petition.

## IV. CONCLUSION

For the reasons above, Petitioner's motion to amend (ECF No. 24) is **GRANTED** and Petitioner's Amended Petition (ECF No. 24-1) is accepted and will be filed in a new and separate docket entry.

---

[5] The Court makes no determination whether Petitioner will meet the requirements for a stay.

Additionally, The Court will permit Petitioner **within 45 days** to submit a signed writing in which he either (i) elects to withdraw his unexhausted claim and have the Court rule on his remaining claim; or (ii) request a stay pursuant to *Rhines*, to return to state court to exhaust his unexhausted claims. Any request by Petitioner for a stay pursuant to *Rhines* must include facts showing that he had good cause for his failure to exhaust; his unexhausted claims are potentially meritorious; and he did not engage in dilatory tactics. Failure to submit the signed writing within 45 days may result in a dismissal without prejudice of all of Petitioner's claims.

An appropriate Order accompanies this Memorandum Opinion.

Dated:  February 16, 2022

                                                                                          **JULIEN XAVIER NEALS**
                                                                                          **United States District Judge**