UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK MILLER,<br><br>                    Petitioner,<br><br>   v.<br><br>BRUCE DAVIS,<br><br>                    Respondent. | Civil Action No. 21-282 (JXN)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

**NEALS**, District Judge:

Currently before the Court is Petitioner Derrick Miller's ("Petitioner") fourth motion for a stay and abeyance of this matter. (ECF No. 28.) For the reasons stated herein, Petitioner's motion (ECF No. 28) is **DENIED**.

On November 9, 2021, Petitioner filed a motion for leave to file an amended petition, in which he included his eleven original federal habeas claims and added a twelfth claim.[1] (ECF No. 24.) On February 16, 2022, the Court granted Petitioner's motion to amend and accepted the Amended Petition for filing. (ECF No. 25.) In so doing, the Court held that the Amended Petition was mixed because it contains both exhausted and unexhausted claims, and federal district courts may not adjudicate mixed petitions. (*See id.*); *see also Rhines v. Weber*, 544 U.S. 269, 273 (2005). The Court explained that based on a thorough review of the parties' submissions, it appears that

---

[1] Petitioner previously raised three motions for stay and abeyance requesting a stay to exhaust this twelfth ground for relief, indicating that the claim is pending in state court. (*See* ECF Nos. 6, 15 and 19.) In denying those motions, the Court explained that the claim was not raised in his original Petition and the Court could not grant a stay based on a claim not properly before it. The Court instructed Petitioner to seek leave to file an amended petition if he wished to raise this twelfth ground for relief. (*See* ECF Nos. 7, 17, and 20.)

Petitioner has failed to exhaust Grounds Seven, Nine, Eleven, and Twelve of his Amended Petition in state court. (ECF No. 25, at 9-12.) As a result, the Court entered an Order directing Petitioner to submit a signed writing in which he elects to withdraw his unexhausted claims or request a stay pursuant to *Rhines*. (ECF No. 27.) The Court's Order also advised Petitioner that any motion for a stay "must include facts showing that he had good cause for his failure to exhaust; his unexhausted claims are potentially meritorious; he did not engage in dilatory tactics; and should include **stay arguments for claims seven, nine, eleven, and newly raised claim twelve**[.]" (ECF No. 27) (emphasis in original.)

On March 15, 2022, Petitioner filed the instant motion, which includes stay arguments for the twelfth ground for relief in the Amended Petition. (ECF No. 28.) Petitioner, however, did not address why his unexhausted claims seven, nine, and eleven qualify for a stay under *Rhines*. (*See id.*) Thus, Petitioner has failed to comply with the Court's Order instructing Petitioner to either (1) withdraw his unexhausted claims seven, nine, eleven and twelve; or (2) seek a stay under *Rhines* on **all of his unexhausted claims**. (*See* ECF No. 27.)

Consistent with the Court's February 16, 2022 Memorandum Opinion (ECF No. 25), the Court finds that Petitioner's claims seven, nine, eleven, and twelve are unexhausted and the Amended Petition is a mixed petition.

**IT IS THEREFORE** on this 18th day of March 2022,

**ORDERED** that Petitioner's motion for a stay (ECF No. 28) is **DENIED**; it is further

**ORDERED** that the Clerk of Court shall send Petitioner copies of the Court's previous Memorandum Opinion (ECF No. 25) and Order (ECF No. 27); it is further

**ORDERED** that within forty-five (45) days of the date of this Order Petitioner shall submit a signed writing in which he (i) elects to withdraw his unexhausted claims seven, nine, eleven and

twelve and have the Court rule on his remaining claims; or (ii) seeks a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust his unexhausted claims; and it is further

**ORDERED** that any request by Petitioner for a stay must include facts showing that he had good cause for his failure to exhaust; his unexhausted claims are potentially meritorious; he did not engage in dilatory tactics; and **should include stay arguments for claims seven, nine, eleven, and twelve**; and it is further

**ORDERED** that Petitioner may choose to withdraw one or more of his unexhausted claims and request a stay based on the remaining unexhausted claims; and it is further

**ORDERED** that failure to submit the signed writing within forty-five (45) days may result in a dismissal without prejudice of all claims; and it is further

**ORDERED** that Respondent may submit a reply within fourteen (14) days of Petitioner's response; and it is further

**ORDERED** that the Clerk of Court serve a copy of this Memorandum and Order upon Petitioner by regular United States mail.

_____
**JULIEN XAVIER NEALS**
**United States District Judge**