**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DERRICK MILLER,

        Petitioner,

  v.

BRUCE DAVIS,

        Respondent.

Civ. Action No. 21-282 (JXN)

**MEMORANDUM OPINION AND ORDER**

**NEALS**, District Judge:

    Petitioner Derrick Miller ("Petitioner") is a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey. Petitioner is proceeding *pro se* with his amended petition for writ of habeas corpus ("Amended Petition") filed pursuant to 28 U.S.C. § 2254. (ECF No. 26.) Currently pending before the Court is Petitioner's fifth motion for a stay and abeyance of this matter (ECF No. 35) to allow Petitioner to exhaust the seventh, ninth, eleventh, and twelfth grounds for relief in state court. For the reasons stated herein, the Court grants Petitioner's motion for a stay.

    On November 9, 2021, Petitioner filed a motion for leave to file an amended petition, in which he included his eleven original federal habeas claims and added a twelfth claim.[1] (ECF No.

---

[1] Petitioner has filed three motions for a stay and abeyance to exhaust his twelfth ground for relief, which he indicated was pending in state court. (*See* ECF Nos. 6, 15 and 19.) In denying those motions, the Court explained that the claim was not raised in his original Petition and the Court could not grant a stay based on a claim not properly before it. The Court instructed Petitioner to seek leave to file an amended petition if he wished to raise this twelfth ground for relief. (*See* ECF Nos. 7, 17, and 20.)

24.) On February 16, 2022, the Court issued an Opinion and Order granting Petitioner's motion to amend and accepting the Amended Petition for filing. (ECF Nos. 25, 27.) In so doing, the Court held that the Amended Petition was mixed (i.e., it contains both exhausted and unexhausted claims), and federal district courts may not adjudicate mixed petitions. (*See id.*); *see also Rhines v. Weber*, 544 U.S. 269, 273(2005). The Court explained that based on a thorough review of the parties' submissions to the Court, it appears that Petitioner has failed to exhaust Grounds Seven, Nine, Eleven, and Twelve of his Amended Petition in state court. (ECF No. 25, at 9-12.) The Court provided Petitioner with time to inform the Court whether he wished to withdraw his unexhausted claims seven, nine, eleven and twelve or request a stay pursuant to *Rhines* and return to state court to litigate these claims. (*Id.* at 12-13.) On March 15, 2022, Petitioner filed a fourth motion for stay and abeyance (ECF No. 28), which the Court found was deficient. (ECF No. 29.) The Court again provided Petitioner with time to inform the Court whether he wished to withdraw his unexhausted claims or request a stay pursuant to *Rhines* and return to state court to litigate these claims. (*Id.*) On September 20, 2022, Petitioner filed the instant motion for stay and abeyance. (ECF No. 35.)

    Petitioner's Amended Petition contains the following twelve grounds for relief:

> Ground One: The trial court erred in not suppressing the identification of [Petitioner] because the state failed to record the communications between the police and the witness as required by *State v. Delgado*.
>
> Ground Two: The trial court improperly denied suppression of the out-of-court identification which resulted from an unduly suggestive and unreliable show up procedure and which violated [Petitioner's] Fourteenth Amendment rights.
>
> Ground Three: The trial court erred in not striking expert testimony based on hypothetical facts not adduced at trial and not offered with a reasonable degree of certainty.
>
> Ground Four: The trial court improperly denied the motion for a mistrial because the prosecutor's summation contained facts

2

unsupported by the evidence which prejudiced [Petitioner's] right to a fair trial.

Ground Five: Petitioner's conviction must be overturned because the indictment charged him with acting with one person, but for the first time in summation, the prosecution argued that [Petitioner] committed the crime with other parties, giving [Petitioner] no opportunity to defend.

Ground Six: After the judge received information that extraneous influences may have interfered with the jury's ability to reach an impartial and fair verdict, the trial judge erred in denying [Petitioner's] motion for a mistrial and erred in denying [Petitioner's] motion, in the alternative, that all jurors be polled.

Ground Seven: Ineffective assistance of trial counsel for not requesting a severance motion for Petitioner, instead of relying on co-defendant['s] severance motion.

Ground Eight: Trial counsel failed to do any investigation prior to trial and as a result failed to call a favorable witness and interpose an alibi defense.

Ground Nine: Trial and appellate counsels were ineffective in not objecting to the broken chain of custody that led to the contaminated DNA evidence.

Ground Ten: Trial counsel was ineffective for coercing Petitioner not to testify.

Ground Eleven: Petitioner was denied the effective assistance of appellate counsel.

Ground Twelve: Trial attorney was ineffective by failing to inform Petitioner that he face life in prison which would have affected his choice of going to trial or accepting the state's plea offer of 25 years.

(*See generally* ECF No. 26.) As explained in the Court's February 16, 2022, Memorandum Opinion (ECF No. 25), Grounds Seven, Nine, Eleven, and Twelve of the Amended Petition are unexhausted claims. (*See id.*)

Petitioner moved for a stay pursuant to *Rhines*. (ECF No. 35.) In the motion, Petitioner requests a stay so he can exhaust Grounds Seven, Nine, Eleven and Twelve, which are currently

pending before the state court in Petitioner's second petition for Post-Conviction Relief ("PCR"). (*See id.* at 6.) Petitioner submits that his assigned PCR counsel failed to raise Ground Twelve during Petitioner's first collateral appeal and PCR appellate counsel failed to pursue Grounds Seven, Nine, and Eleven to the New Jersey, Superior Court, Appellate Division during Petitioner's first collateral appeal. (*Id.* at 4.)

Petitioner submits that he filed a second PCR petition on or around February 18, 2020. (*Id.* at 6.) Petitioner claims that "the matter was found to have good cause on May 18, 2020," and Petitioner was assigned counsel. (*Id.*) Following this Court's finding that Grounds Seven, Nine, Eleven and Twelve were all unexhausted, Petitioner's PCR counsel amended his second PCR petition to include all of Petitioner's unexhausted claims. (*Id.*) That petition is pending. (*Id.*)

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").

Recognizing the complexities that face prisoners who must exhaust state remedies while complying with the one-year statute of limitations period for § 2254 habeas petitions as set out in § 2244(d)(1), the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of

state remedies is a permissible way to avoid barring from federal court a petitioner who timely files a mixed petition [containing both exhausted and unexhausted claims]." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Third Circuit has stated that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154. The United States Supreme Court has held that a stay is "only appropriate" where the district court determines the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. A petitioner bears the burden of showing that he is entitled to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

As explained above, Petitioner asserts that he has a pending second PCR petition containing his unexhausted federal habeas claims. Petitioner submits that Grounds Seven, Nine, Eleven and Twelve are unexhausted because his PCR counsel failed to exhaust said claims.

In light of the foregoing, the Court finds that the Amended Petition should be stayed pending exhaustion of Grounds Seven, Nine, Eleven and Twelve, rather than dismissing as a mixed petition containing both exhausted and unexhausted claims. Petitioner's unexhausted claims for relief do not appear to be "plainly meritless" and prisoners are permitted to file "protective petitions" in federal court in certain circumstances. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) (per curiam) ("Stay and abeyance is available even when a petitioner has exhausted none of the claims in his petition.") (citing *Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009)). There is also no indication that Petitioner engaged in intentionally dilatory litigation tactics as he is actively litigating his claims in state court. *Rhines*, 544 U.S. at 278. Moreover, the exhaustion requirement is intended to allow state

5

courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *See Granberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509, 516-18 (1982). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. *See Rose*, 455 U.S. at 519. Accordingly, the Court finds that a stay is necessary to allow the state courts to review Petitioner's federal constitutional claims.

For the reasons stated herein, and for good cause shown:

**IT IS** on this 11th day of October 2022,

**ORDERED** that Petitioner's Motion to Stay (ECF No. 35) is **GRANTED**; it is further

**ORDERED** that Petitioner shall return to this Court by filing a request to reopen this action within 30 days after exhaustion of his state law claims; and it is further

**ORDERED** that, if Petitioner fails to comply with the deadlines set forth in this Order, this Court may vacate this Order *nunc pro tunc* and dismiss all unexhausted claims without further notice; and it is further

**ORDERED** that nothing in this Order shall be construed as a finding as to the timeliness of any additional claims that may be asserted in any future petition or amended petition, *see Mayle v. Felix*, 545 U.S. 644 (2004); and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Petitioner by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action.

s/ Julien Xavier Neals<br>
**JULIEN XAVIER NEALS**<br>
**United States District Judge**